**Kendrion Lamont WILEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–02–042–CR.**

Court of Appeals of Texas,
Fort Worth.

June 5, 2003.

David A. Pearson, IV, Fort Worth, for appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of the Appellate Division, Donald J. Piller, Lisa Haines, Sally Helmer, Asst. Crim. D.As., Fort Worth, for appellee.

PANEL F: DAY, LIVINGSTON, and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. Introduction

Appellant Kendrion Lamont Wiley appeals his conviction for possession of a firearm by a felon. A jury found Wiley guilty and assessed his punishment at ten years' imprisonment. In a single point, he contends that the trial court erred by allowing the State to use a void prior conviction to upgrade his case from a misdemeanor to a felony. We will affirm.

### II. Factual and Procedural Background

The facts underlying Wiley's conviction for possession of a firearm are not in dispute. Between approximately 10:30 p.m. and 11 p.m. on November 30, 2000, Officer Brad Mitchell of the Grapevine Police Department saw a black Ford Contour, which Wiley was driving, traveling ten to fifteen miles per hour in a forty-five mile-per-hour zone. Officer Mitchell noticed that Wiley failed to maintain a single marked lane on two separate occasions, engaged in excessive braking, and changed lanes without signaling, almost causing an accident. Officer Mitchell stopped Wiley, determined that Wiley was the only occupant in the vehicle, and saw a handgun on the driver's-side floorboard. An investigation revealed that Wiley did not have a concealed handgun license, so Officer Mitchell placed him under arrest for unlawfully carrying a weapon.

In contrast to the above facts, the procedural history of the issue presented in this appeal is somewhat complex. On September 1, 1995, Wiley committed the offense of sexual assault of a child. On that same date, the Legislature passed legislation making sexual assault of a child a "3g offense." Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 52(a)(1)(G), 1995 Tex. Gen. Laws 2749 (amended 2001) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(H) (Vernon Supp.2003)). Consequently, a person convicted of that offense could not receive court-ordered community supervision. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(1)(H) (Vernon Supp.2003). In spite of this legislation, Wiley received five years' community supervision as punishment for his conviction of the felony offense of sexual assault of a child. The State later filed a motion to revoke Wiley's community supervision, which the trial court granted.

Almost two years later, Officer Mitchell arrested Wiley for unlawful possession of a firearm after determining that he did not have a concealed handgun license. The indictment charged Wiley with the offense of possessing a firearm while a felon due to his prior felony conviction for sexual assault of a child. In addition, the indictment contained an enhancement paragraph alleging a prior final felony conviction for the offense of unauthorized use of a motor vehicle. Ultimately, the jury found Wiley guilty of possession of a firearm by a felon, and the trial court sentenced him to ten years' imprisonment.

### III. The Holding in Ex parte Williams Governs This Case

■ Wiley claims that the trial court erred by allowing the State's jurisdictional use of a void prior conviction to upgrade the instant offense from a misdemeanor to a felony. He contends that his prior felo-

ny conviction for sexual assault of a child is void because it illegally granted him community supervision. Wiley recognizes that, in *Ex parte Williams,* the court of criminal appeals specifically disavowed the premise that an unlawful grant of probation constitutes an illegal or void sentence, but he argues that this conclusion is inconsistent with prior decisions from the court of criminal appeals. 65 S.W.3d 656 (Tex. Crim.App.2001). The State responds to Wiley's argument:

> Appellant might be right; Judge Womack agrees with him. *Williams,* 65 S.W.3d at 662 (Womack, J., concurring). (The State takes no position on the matter at this time.) But it is not within the scope of the Court of Appeals' powers to override a decision of the Court of Criminal Appeals because it conflicts with other decisions of that Court. It is axiomatic that a Court of Appeals has no power to "overrule or circumvent [the] decisions, or disobey [the] mandates," of the Court of Criminal Appeals. *State ex rel. Vance v. Clawson,* 465 S.W.2d 164, 168 (Tex.Crim.App.1971), *cert. denied,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182 (1971).

We agree with Wiley that the court of criminal appeals' holding in *Williams* seems inconsistent with its prior holding in *Ex parte Seidel,* 39 S.W.3d 221 (Tex.Crim. App.2001). In *Seidel,* the trial court dismissed the State's case against Seidel "with prejudice." *Id.* at 222. Because no statutory or constitutional provision existed vesting the trial court with authority to dismiss a case with prejudice, the prosecutor did not consent to a dismissal with prejudice, and the trial court possessed no inherent power to dismiss the prosecution with prejudice, the court of criminal appeals held that the portion of the judgment dismissing the case with prejudice was "void" and subject to direct or collateral attack by the State at any time. *Id.* at 224.

In *Williams,* the trial court placed the defendant on community supervision even though he was statutorily ineligible for it due to a deadly weapon finding in the judgment. *Williams,* 65 S.W.3d at 656–58. The court of criminal appeals, in deciding *Williams* approximately seven months after *Seidel,* held that although no statutory or constitutional provision exists vesting the trial court with authority to place Williams on probation, the prosecutor did not consent to probation, and the trial court possesses no inherent power to place Williams on probation, nonetheless, the order or portion of the judgment placing Williams on probation was not "void" because "illegal sentences and unauthorized probation orders are two different things." *Williams,* 65 S.W.3d at 657–58; *see also Williams,* 65 S.W.3d at 661–64 (Womack, J., concurring) (questioning why Williams's probation order was not void under *Seidel* ). The court explained that "community supervision is not a sentence or even a part of a sentence" and concluded that the illegal granting of community supervision should not be governed by a rule which applies to illegal sentences. *Williams,* 65 S.W.3d at 657 (citing *Speth v. State,* 6 S.W.3d 530, 532 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000)).

While we agree with Wiley that the distinction between the void portion of the judgment in *Seidel* and the not void order in *Williams* seems incongruent, we also agree with the State that as an intermediate appellate court we are bound to follow the pronouncements of the court of criminal appeals. *See Taulung v. State,* 979 S.W.2d 854, 857 (Tex.App.-Waco 1998, no pet.). The court of criminal appeals has unequivocally held that a trial court's order granting probation, even to a statutorily ineligible defendant, is not a "sentence" and therefore cannot be an illegal or void sentence. *Williams,* 65 S.W.3d at 657–58; *see also State v. Enriquez,* 47 S.W.3d 177,

179 (Tex.App.-El Paso 2001, no pet.) (following *Williams* to hold that, because probation is not illegal or void sentence, State cannot complain for first time on appeal that probation was unauthorized); *State v. Ramirez,* 62 S.W.3d 356, 358 (Tex.App.-Corpus Christi 2001, no pet.) (following *Williams* to hold that, because probation is not illegal or void sentence, appellate court lacked jurisdiction to hear State's appeal of shock probation order). Applying *Williams,* as we must, it is clear that the probation order entered in Wiley's prior felony case for sexual assault of a child did not constitute a void or illegal sentence. *See Williams,* 65 S.W.3d at 657–58. Accordingly, Wiley's conviction in that case is not void. We hold that the court did not err by permitting the State to use Wiley's prior conviction for sexual assault of a child to upgrade the instant offense to a felony. We overrule Wiley's point.

### IV. CONCLUSION

Having overruled Wiley's sole point, we affirm the trial court's judgment.