COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-440-CR
   
   
JAMES 
MORRISON                                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------

FROM 
COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION[1]

------------
        James 
Morrison appeals from his conviction by a jury of the offense of criminal 
trespass.  Tex. Penal Code Ann. 
§ 30.05 (Vernon Supp. 2004-05).  The jury assessed appellant’s 
punishment at 365 days confinement, which was probated for two years, and a $500 
fine.  In his first point, appellant argues that the evidence is factually 
insufficient to prove that he had notice that his entry was forbidden or that he 
lacked the victim’s consent to enter her apartment.  In his second point, 
appellant argues that even if the evidence is factually sufficient, recent case 
law demands a modification of the current standard of review for factual 
sufficiency.  We affirm.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004).  The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt.  Id. 
at *7.
        There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id.  “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id.  In other words, evidence supporting a guilty 
finding can outweigh the contrary proof but still be insufficient to prove the 
elements of an offense beyond a reasonable doubt.  Id. 
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at *4; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 2004 WL 840786, at 
*4.  A proper factual sufficiency review requires an examination of all the 
evidence.  Id. at *7, 9.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        At 
trial, appellant testified that the victim had given him permission to enter her 
apartment while she was away. In addition, both appellant and his father 
testified that appellant and the victim had been involved in an intimate 
relationship.  The victim testified, however, that she had never given 
appellant permission to enter her apartment and that she and appellant had never 
been more than just friends.
        As 
the fact finder, the jury could choose whether to believe or disbelieve all or 
any portion of the victim’s or appellant’s testimony.  See Sharp v. 
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 
U.S. 872 (1988).  Moreover, the jury had the exclusive responsibility of 
reconciling conflicts in the testimony.  See Jones v. State, 944 
S.W.2d 642, 647 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 832 
(1997).  Accordingly, the jury was rationally justified in finding beyond a 
reasonable doubt that the victim had not given appellant consent to enter her 
apartment and that appellant had notice that his entry was forbidden.[2]  We overrule appellant’s first point.
        His 
second point challenges the standard of review we are to use in a factual 
insufficiency challenge.  However, as an intermediate court of appeals, we 
are bound by the decisions of the court of criminal appeals and have no 
authority to change the current standard of review for factual sufficiency, 
which was recently clarified in Zuniga.  Zuniga, 2004 WL 
840786, at *7; Wiley v. State, 112 S.W.3d 173, 175 (Tex. App.—Fort 
Worth 2003, pet. ref’d) (holding that an intermediate court of appeals is 
bound to follow the pronouncements of the court of criminal appeals).  
Therefore, we overrule appellant’s second point and affirm the trial court’s 
judgment.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    

  
PANEL 
F:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: 
October 14, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Notice may be given by “fencing or other enclosure obviously designed to 
exclude intruders.”  Tex. Penal 
Code Ann. § 30.05(b)(2)(B).  The victim’s apartment was an 
enclosure obviously designed to exclude intruders.  See Moreno v. State, 
702 S.W.2d 636, 643 n.7 (Tex. Crim. App. 1986) (stating that a habitation gives 
notice inherently).