MORRISON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-440-CR

JAMES MORRISON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

James Morrison appeals from his conviction by a jury of the offense of criminal trespass.  
Tex. Penal Code Ann.
 § 30.05 (Vernon Supp. 2004-05).  The jury assessed appellant’s punishment at 365 days confinement, which was probated for two years, and a $500 fine.  In his first point, appellant argues that the evidence is factually insufficient to prove that he had notice that his entry was forbidden or that he lacked the victim’s consent to enter her apartment.  In his second point, appellant argues that even if the evidence is factually sufficient, recent case law demands a modification of the current standard of review for factual sufficiency.  We affirm.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at *7.

There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

At trial, appellant testified that the victim had given him permission to enter her apartment while she was away.  In addition, both appellant and his father testified that appellant and the victim had been involved in an intimate relationship.  The victim testified, however, that she had never given appellant permission to enter her apartment and that she and appellant had never been more than just friends. 

As the fact finder, the jury could choose whether to believe or disbelieve all or any portion of the victim’s or appellant’s testimony. 
 See Sharp v. State
, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), 
cert. denied
, 488 U.S. 872 (1988).  Moreover, the jury had the exclusive responsibility of reconciling conflicts in the testimony.  
See Jones v. State
, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996), 
cert. denied
, 522 U.S. 832 (1997).  Accordingly, the jury was rationally justified in finding beyond a reasonable doubt that the victim had not given appellant consent to enter her apartment and that appellant had notice that his entry was forbidden.
(footnote: 2)  We overrule appellant’s first point.  

His second point challenges the standard of review we are to use in a factual insufficiency challenge.  However, as an intermediate court of appeals, we are bound by the decisions of the court of criminal appeals and have no authority to change the current standard of review for factual sufficiency, which was recently clarified in 
Zuniga
. 
 Zuniga
, 2004 WL 840786, at *7
; Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d) (holding that an intermediate court of appeals is bound to follow the pronouncements of the court of criminal appeals).  Therefore, we overrule appellant’s second point and affirm the trial court’s judgment.      

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b) 

DELIVERED:  October 14, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Notice may be given by “fencing or other enclosure obviously designed to exclude intruders.”  
Tex. Penal Code Ann.
 § 30.05(b)(2)(B).  The victim’s apartment was an enclosure obviously designed to exclude intruders.  
See Moreno v. State
, 702 S.W.2d 636, 643 n.7 (Tex. Crim. App. 1986) (stating that a habitation gives notice inherently).