THOMPSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-342-CR

ALVIN HOUSTON THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Alvin Houston Thompson appeals from his conviction by a jury for the offense of indecency with a child.  
See
 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003).  Appellant argues three issues on appeal.  In issues one and two, appellant complains that the evidence is legally and factually insufficient to support his conviction.  In issue three, appellant argues that the current standard of review for factual sufficiency is incorrect, and he invites this court to question the standard as it has been articulated by the court of criminal appeals.  We affirm.

Facts

At trial, the victim testified that she stayed at appellant’s house one  night in July of 1998 with her younger sister and a friend.  According to the victim, as she and the two other girls were sleeping on a pullout couch in appellant’s living room, appellant fondled her breast.  Throughout the incident, the victim unsuccessfully tried to awaken her sister.  The victim’s friend, however, testified that only she and the victim’s sister, not the victim, stayed at appellant’s house on the night in question. 

Several months later, the victim tested positive for chlamydia and genital warts.  Appellant tested negative for chlamydia, but the physician was unable to make a definitive determination regarding whether appellant had genital warts.  In addition, appellant’s girlfriend testified that she had sex with appellant about once a month and that she never had been diagnosed with chlamydia or genital warts.

Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

The victim testified that she stayed at appellant’s house on the night in question; the victim’s friend, however, testified that the victim did not.  As the trier of fact, the jury was entitled to believe or disbelieve any portion or all of either witness’s testimony. 
 See Sharp v. State
, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), 
cert. denied
, 488 U.S. 872 (1988).  Therefore, a rational juror could have found that the victim stayed at appellant’s house on the night in question.

Appellant argues that because neither the victim’s friend nor sister awoke during the alleged incident, and because the victim tested positive for chlamydia and genital warts while appellant did not, the victim’s story is too far-fetched for any juror to believe beyond a reasonable doubt.  We disagree.  The jury could draw any number of reasonable inferences from these facts.  A rational juror could reasonably infer that the victim’s friend and sister did not wake up during the incident because either they are heavy sleepers or the victim and appellant did not make much noise.  Also, the fact that the victim tested positive for chlamydia and genital warts while appellant did not hardly proves that appellant did not fondle the victim’s breast.  The uncorroborated testimony of a victim of the crime of indecency with a child is sufficient evidence to support a conviction.  
Tex. Code Crim. Proc. Ann.
 art. 38.07 (Vernon Supp. 2004-05); 
Perez v. State
, 113 S.W.3d 819, 838 (Tex. App.སྭAustin 2003, pet. ref’d).  Therefore, a rational juror could have found beyond a reasonable doubt that appellant committed the crime of indecency with a child.  We overrule appellant’s first point.       

Factual Sufficiency

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at *7.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at *4; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
2004 WL 840786, at *4.  A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at *7, 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant argues that the evidence is factually insufficient to support his conviction by essentially raising the same points argued in his legal sufficiency issue.  For the same reasons stated earlier, appellant’s arguments are not persuasive.  We cannot say that the evidence supporting the verdict is too weak or that the evidence contradicting the verdict is so strong that guilt cannot be proven beyond a reasonable doubt.  
Cf. Vodochodsky v. State
, No. 74129, 2004 WL 840121, at *6 (Tex. Crim. App. Apr. 21, 2004) (holding that the overwhelming weight of the evidence mitigates against the conclusion that appellant committed an essential element of the crime).  Therefore, viewing the evidence in a neutral light, we hold that the jury was rationally justified in finding appellant’s guilt beyond a reasonable doubt.  We overrule appellant’s second issue. 

Finally, appellant argues that the current standard of review for factual  sufficiency is incorrect, and he asks this court to question the standard as it has been articulated by the court of criminal appeals.  We decline appellant’s request.  As appellant notes, we are bound to follow the decisions of the court of criminal appeals and have no authority to change the current standard of review.  
See Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.སྭFort Worth 2003, pet. ref’d).  We overrule appellant’s third point and affirm the trial court’s judgment.   

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 21, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.