COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-342-CR
  
  
ALVIN 
HOUSTON THOMPSON                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Alvin 
Houston Thompson appeals from his conviction by a jury for the offense of 
indecency with a child.  See Tex. 
Penal Code Ann. § 21.11 (Vernon 2003).  Appellant argues three 
issues on appeal. In issues one and two, appellant complains that the evidence 
is legally and factually insufficient to support his conviction.  In issue 
three, appellant argues that the current standard of review for factual 
sufficiency is incorrect, and he invites this court to question the standard as 
it has been articulated by the court of criminal appeals.  We affirm.
Facts
        At 
trial, the victim testified that she stayed at appellant’s house one night in 
July of 1998 with her younger sister and a friend.  According to the 
victim, as she and the two other girls were sleeping on a pullout couch in 
appellant’s living room, appellant fondled her breast.  Throughout the 
incident, the victim unsuccessfully tried to awaken her sister.  The 
victim’s friend, however, testified that only she and the victim’s sister, 
not the victim, stayed at appellant’s house on the night in question.
        Several 
months later, the victim tested positive for chlamydia and genital warts.  
Appellant tested negative for chlamydia, but the physician was unable to make a 
definitive determination regarding whether appellant had genital warts.  In 
addition, appellant’s girlfriend testified that she had sex with appellant 
about once a month and that she never had been diagnosed with chlamydia or 
genital warts.
Legal Sufficiency
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and thus, substituting 
our judgment for that of the fact finder.  Dewberry v. State, 4 
S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
        The 
victim testified that she stayed at appellant’s house on the night in 
question; the victim’s friend, however, testified that the victim did 
not.  As the trier of fact, the jury was entitled to believe or disbelieve 
any portion or all of either witness’s testimony.  See Sharp v. State, 
707 S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 
(1988).  Therefore, a rational juror could have found that the victim 
stayed at appellant’s house on the night in question.
        Appellant 
argues that because neither the victim’s friend nor sister awoke during the 
alleged incident, and because the victim tested positive for chlamydia and 
genital warts while appellant did not, the victim’s story is too far-fetched 
for any juror to believe beyond a reasonable doubt.  We disagree.  The 
jury could draw any number of reasonable inferences from these facts.  A 
rational juror could reasonably infer that the victim’s friend and sister did 
not wake up during the incident because either they are heavy sleepers or the 
victim and appellant did not make much noise.  Also, the fact that the 
victim tested positive for chlamydia and genital warts while appellant did not 
hardly proves that appellant did not fondle the victim’s breast.  The 
uncorroborated testimony of a victim of the crime of indecency with a child is 
sufficient evidence to support a conviction. Tex. Code Crim. Proc. Ann. art. 38.07 
(Vernon Supp. 2004-05); Perez v. State, 113 S.W.3d 819, 838 (Tex. 
App.—Austin 2003, pet. ref’d).  Therefore, a rational juror could have 
found beyond a reasonable doubt that appellant committed the crime of indecency 
with a child.  We overrule appellant’s first point.
Factual Sufficiency
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, No. 539-02, 2004 WL 840786, at *4 (Tex. Crim. App. Apr. 21, 
2004).  The only question to be answered in a factual sufficiency review is 
whether, considering the evidence in a neutral light, the fact finder was 
rationally justified in finding guilt beyond a reasonable doubt. Id. at 
*7.  There are two ways evidence may be factually insufficient: (1) the 
evidence supporting the verdict or judgment, considered by itself, is too weak 
to support the finding of guilt beyond a reasonable doubt; or (2) when there is 
evidence both supporting and contradicting the verdict or judgment, weighing all 
of the evidence, the contrary evidence is so strong that guilt cannot be proven 
beyond a reasonable doubt.  Id.  “This standard acknowledges 
that evidence of guilt can ‘preponderate’ in favor of conviction but still 
be insufficient to prove the elements of the crime beyond a reasonable 
doubt.”  Id.  In other words, evidence supporting a guilty 
finding can outweigh the contrary proof but still be insufficient to prove the 
elements of an offense beyond a reasonable doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at *4; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s. Zuniga, 2004 WL 840786, at *4.  A 
proper factual sufficiency review requires an examination of all the 
evidence.  Id. at *7, 9.  An opinion addressing factual 
sufficiency must include a discussion of the most important and relevant 
evidence that supports the appellant’s complaint on appeal.  Sims v. 
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
        Appellant 
argues that the evidence is factually insufficient to support his conviction by 
essentially raising the same points argued in his legal sufficiency issue.  
For the same reasons stated earlier, appellant’s arguments are not 
persuasive.  We cannot say that the evidence supporting the verdict is too 
weak or that the evidence contradicting the verdict is so strong that guilt 
cannot be proven beyond a reasonable doubt.  Cf. Vodochodsky v. State, 
No. 74129, 2004 WL 840121, at *6 (Tex. Crim. App. Apr. 21, 2004) (holding that 
the overwhelming weight of the evidence mitigates against the conclusion that 
appellant committed an essential element of the crime).  Therefore, viewing 
the evidence in a neutral light, we hold that the jury was rationally justified 
in finding appellant’s guilt beyond a reasonable doubt.  We overrule 
appellant’s second issue.
        Finally, 
appellant argues that the current standard of review for factual sufficiency is 
incorrect, and he asks this court to question the standard as it has been 
articulated by the court of criminal appeals.  We decline appellant’s 
request.  As appellant notes, we are bound to follow the decisions of the 
court of criminal appeals and have no authority to change the current standard 
of review.  See Wiley v. State, 112 S.W.3d 173, 175 (Tex. 
App.—Fort Worth 2003, pet. ref’d).  We overrule appellant’s third 
point and affirm the trial court’s judgment.

 
 
                                                                  PER 
CURIAM
   
 
PANEL 
F:   LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 21, 2004

NOTES
1.  
See Tex. R. App. P. 47.4.