02-09-379-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00379-CR

 

 


 
 
 Luis Reza
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th
District Court OF Hood COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Luis
Reza appeals from a jury verdict convicting him of aggravated sexual assault
after he had been previously convicted of aggravated sexual assault involving
the same complainant.  In two issues, he contends that his due process rights
were violated because the State’s actions raise an unrebutted presumption of
prosecutorial vindictiveness and that the trial court erred by denying his
special plea that the prosecution be barred.  We affirm.

Background

          Appellant
was indicted on May 14, 2008 in cause number CR10917 for aggravated sexual
assault of a child by digitally penetrating the sexual organ of the complainant. 
After a trial, a jury convicted appellant for that offense on February 11, 2009
and assessed his punishment at ten years’ community supervision.  Appellant did
not appeal the conviction.

          On
March 4, 2009, a Hood County grand jury indicted appellant in cause number CR11199
for aggravated sexual assault by causing the complainant’s female sexual organ
to contact his mouth.  While testifying in cause number CR10917, the
complainant had described not only the digital penetration, but also that
appellant had “started kissing [her] on [her] neck and went all the way down to
[her] vagina” and “stuck his mouth there.”  She repeated that testimony at the
trial in cause number CR11199.  The jury in the latter case convicted appellant
of aggravated sexual assault of a child and assessed his punishment at
confinement for fifty years.  He appeals that conviction and sentence.

Double
Jeopardy and Collateral Estoppel

          In
his second issue, appellant contends that the trial court erred by denying his
special plea because the prosecution of the second case is barred by collateral
estoppel, res judicata, and double jeopardy.[2]  According to appellant,
whether he caused the complainant’s sexual organ to contact his mouth was
“necessarily decided” in the first prosecution because the State elicited
testimony at the first trial that appellant did so and thus “used both acts to
convict him of penetrating the female sexual organ of the child.”  Appellant
says the State presented “considerable evidence” regarding both acts and
referred to both in closing arguments.

          Double
Jeopardy

          Under
section 22.021(a) of the penal code, causing the penetration of the sexual
organ of a child younger than fourteen by any means and causing the sexual
organ of a child younger than fourteen to contact the defendant’s mouth are
separate offenses, unless the circumstances of the latter offense are subsumed
in the former offense during the same criminal episode.  Tex. Penal Code §
22.021(a)(1), (b)(i), (iii) (Vernon 2003); Patterson v. State, 152
S.W.3d 88, 92 (Tex. Crim. App. 2004) (holding that penile contact with mouth,
genitals, or anus would be subsumed within offense of penile penetration); Vick
v. State, 991 S.W.2d 830, 833 (Tex. Crim. App. 1999).  This is so for double
jeopardy purposes regardless of whether the prosecution for the separate
offenses occurs in the same or multiple prosecutions.  See Gonzales v. State,
304 S.W.3d 838, 846–49 (Tex. Crim. App. 2010).

          In
the first trial, the complainant testified that appellant kissed her from her
neck to her vagina, put his mouth on her vagina,[3]
and then stuck his finger in her vagina afterwards.  Thus, she testified
to separate offenses.  See id.; Vick, 991 S.W.2d at 833.  Appellant
argues that the Texas Court of Criminal Appeals’s holdings that each subsection
of Penal Code section 22.021 entails different and separate acts for double
jeopardy purposes do “violence to the Fifth Amendment, the Texas Penal Code,
and the Texas Code of Criminal Procedure.”  He contends that an essential
difference between this case and Vick is that in Vick the
defendant was acquitted before his subsequent indictment, but here, appellant
was convicted and then indicted again.  Therefore, appellant says, Vick
erased the double jeopardy protections afforded by our state and federal
constitutions.

          The
Court of Criminal Appeals has addressed double jeopardy arguments similar to
appellant’s and rejected them; we are bound by those decisions.  Gonzales,
304 S.W.3d at 846–49; Vick, 991 S.W.2d at 833; Wiley v. State,
112 S.W.3d 173, 175 (Tex. App.––Fort Worth 2005, pet. ref’d).[4]

Collateral Estoppel

          Appellant
also contends that even if the second prosecution is not barred by double
jeopardy, it should be barred by collateral estoppel.  Collateral estoppel
means “that when an issue of ultimate fact has once been determined by a valid
and final judgment, that issue cannot again be litigated between the same
parties in any future lawsuit relating to the same event or situation.” Murphy
v. State, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (quoting Ashe v.
Swenson, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194 (1970)).  The scope of
facts that were actually litigated determines the scope of the factual finding
covered by collateral estoppel.  Murphy, 239 S.W.3d at 795.  The very
fact or point at issue in the pending case must have been determined in the
prior proceeding.  Id.  The defendant must meet the burden of proving
that the facts in issue were necessarily decided in the prior proceeding.  Id.

          To
determine whether collateral estoppel bars a subsequent prosecution or permits
the prosecution but bars relitigation of certain specific facts, the Court of Criminal
Appeals has adopted the two-step analysis employed by the Fifth Circuit.  Id.;
see Neal v. Cain, 141 F.3d 207, 210 (5th Cir. 1998).  A court must
determine (1) exactly what facts were necessarily decided in the first
proceeding, and (2) whether those “necessarily decided” facts constitute
essential elements of the offense in the second trial.  Murphy, 239
S.W.3d at 795.  Although collateral estoppel requires that the precise fact
litigated in the first prosecution have arisen in the same transaction,
occurrence, situation, or criminal episode that gave rise to the second
prosecution, the fact litigated must also be an essential element of the
subsequent offense.  Id.  Specifically, if the necessarily decided fact
litigated in the first prosecution constitutes an essential element framed
within the second prosecution’s offense, then the “essential element of the
offense” prong is satisfied.  Id.

          Here,
although the complainant testified about both offenses at both trials, nothing
in the record indicates that the jury in the first case necessarily decided
whether appellant made his mouth contact her sexual organ.  The charge
instructed the jury to find appellant guilty if it unanimously found that he
penetrated the complainant with his finger; it did not include any instructions
about mouth-to-genital contact.  In addition, although appellant suggests that the
prosecution relied heavily on the mouth-to-genital contact in the first
prosecution, the complainant’s direct testimony of what appellant did to her
spans only six pages and also consists of her testimony that he attempted to
penetrate her with his penis and that he made her hold his penis.[5] 
The prosecutor did mention the mouth-to-genital contact in his closing argument
in the first case but on only one page, along with the other described acts,
and in response to the defense’s allegation that the complainant was making the
whole story up.

Appellant
cites Gongora v. State as a factually similar case, but it is
distinguishable.  916 S.W.2d 570 (Tex. App.––Houston [1st Dist.] 1996, pet.
ref’d).  Gongora was convicted of delivery of at least four grams of a
controlled substance based on a buy by police officers who had negotiated for
five kilos of cocaine.  Id. at 572–73.  Appellant brought one brick into
an apartment to show the officers, and the officers later found another brick
in Gongora’s truck; both bricks were admitted into evidence in the delivery
trial, and the prosecutor used the weights of both bricks to establish that the
total amount possessed was more than four hundred grams.  Id.  The First
District Court of Appeals held that Gongora could not subsequently be
prosecuted for possession of the second brick with intent to deliver because “the
State presented both bricks as part of the offense of delivery for which
appellant was being tried.”  Id. at 577.  Here, however, the State did
not present the mouth-to-genital contact and digital penetration as the same
offense although the complainant did describe the acts as part of one criminal
episode.

          We
conclude and hold that the mouth-to-genital contact was not necessarily decided
in the first case and therefore that the prosecution in the second case was not
barred by collateral estoppel.  We overrule appellant’s second issue.

Prosecutorial Vindictiveness

          Appellant
contends in his first issue that the State prosecuted him in CR11199, the
second case, in retaliation for appellant’s exercising his constitutional right
to a jury trial in the first case; according to appellant, the State prosecuted
him for the second offense because it was displeased that the first jury
assessed a probated sentence rather than a term of confinement.

          Due
process protects defendants from prosecutorial vindictiveness. Blackledge v.
Perry, 417 U.S. 21, 28–29, 94 S. Ct. 2098, 2102–03 (1974).  As the Court of
Criminal Appeals has explained,

[A] decision to
prosecute violates due process when criminal charges are brought in retaliation
for the defendant’s exercise of his legal rights.  Thus, the Supreme Court has
held that, under specific, limited circumstances, the presumption that a
prosecution is undertaken in good faith gives way to either a rebuttable
presumption of prosecutorial vindictiveness or proof of actual vindictiveness.

 

          A
constitutional claim of prosecutorial vindictiveness may be established in
either of two distinct ways:  1) proof of circumstances that pose a “realistic
likelihood” of such misconduct sufficient to raise a “presumption of
prosecutorial vindictiveness,” which the State must rebut or face dismissal of
the charges; or 2) proof of “actual vindictiveness”––that is, direct evidence
that the prosecutor’s charging decision is an unjustifiable penalty resulting
solely from the defendant’s exercise of a protected legal right.

 

          Under the
first prong, if the State pursues increased charges or an enhanced sentence
after a defendant is convicted, exercises his legal right to appeal, and
obtains a new trial, the Supreme Court has found a presumption of prosecutorial
vindictiveness.  In the very few situations in which this presumption does
apply, it can be overcome by objective evidence in the record justifying
the prosecutor’s action.  The defendant must prove that he was convicted, he
appealed and obtained a new trial, and that the State thereafter filed a
greater charge or additional enhancements.  The burden then shifts to the
prosecution to come forward with an explanation for the charging increase that
is unrelated to the defendant’s exercise of his legal right to appeal.  The
trial court decides the issue based upon all of the evidence, pro and con, and
the credibility of the prosecutor’s explanation.

 

          Under the
second prong, when the presumption does not apply, the defendant may still
obtain relief if he can show actual vindictiveness.  To establish that claim, a
defendant must prove, with objective evidence, that the prosecutor’s charging
decision was a “direct and unjustifiable penalty” that resulted “solely from
the defendant’s exercise of a protected legal right.”  Under this prong, the
defendant shoulders the burden of both production and persuasion, unaided by
any legal presumption.  Once again, the trial judge decides the ultimate
factual issue based upon the evidence and credibility determinations.

 

          Under
either prong, “[i]f the defendant is unable to prove actual vindictiveness or a
realistic likelihood of vindictiveness, a trial court need not reach the issue
of government justification.”  That is, the State may stand mute unless and
until the defendant carries his burden of proof under either prong.

 

Neal
v. State, 150 S.W.3d 169, 173–75 (Tex. Crim. App. 2004)
(citations omitted) (emphasis added).

          The
rationale behind the vindictiveness presumption is that by bringing more
serious charges after a successful appeal, a prosecutor could chill the
defendant’s exercise of the right to appeal.  Blackledge, 412 U.S. at
29, 94 S. Ct. at 2103; Woodson v. State, 777 S.W.2d 525, 529 (Tex.
App.––Corpus Christi 1989, pet. ref’d).  However, the rationale behind the
presumption does not apply if the bringing of more serious charges would not
work to chill the defendant’s exercise of a statutory or constitutional right. 
Woodson, 777 S.W.2d at 529; see Castleberry v. State, 704 S.W.2d
21, 27–28 (Tex. Crim. App. 1984).

          Appellant
acknowledges that this case does “not fit neatly with most prosecutorial
vindictiveness cases.”  However, he claims that he at least raised a
presumption of prosecutorial vindictiveness, which the State did not rebut.  In
Chaffin v. Stynchcombe, a sentencing vindictiveness case, the Supreme
Court refused to apply the presumption when a second jury imposed a greater sentence
in a retrial than had a prior jury.  412 U.S. 17, 32–35, 93 S. Ct. 1977, 1985–87
(1973).  The Court held that the second jury had no stake in the outcome of the
second trial’s being different from the first, as it did not know the length of
the first sentence.  Id. at 26–27, 93 S. Ct. at 1982–84.

          Although
this is not a resentencing case, the same principle applies here. The State had
no way of knowing when it initially charged appellant whether he would seek a
jury trial or bench trial.  And appellant did not bring forward any evidence
regarding the terms of offered and rejected plea deals, if any, that would show
the length of sentence the State was willing to bargain for or that the State
was willing to forego any additional charges.  Thus, there is nothing to
indicate that future appellants in the same situation would be deterred from
seeking a jury trial by the possibility that the State would charge a new,
separate offense after the jury’s verdict.  Although constrained by concerns
about allocation of resources, the State would have been just as free to pursue
charges on the new, separate offense even if appellant had received the maximum
punishment in the first case.

Moreover,
we agree with the reasoning of the Fourteenth Court of Appeals that an
appellant’s exercising his right not to appeal a probated sentence does
not raise a presumption of prosecutorial vindictiveness when the State later
charges and convicts that appellant of a new, separate offense arising out of
the same transaction.  Williams v. State, No. 14-08-01079-CR, 2010 WL
3307456, at *4 (Tex. App.––Houston [1st Dist.] Aug. 24, 2010, pet. ref’d) (mem.
op., not designated for publication).  We conclude and hold that the facts of
this case do not warrant such a presumption and that the trial court did not
abuse its discretion by concluding that the evidence did not show actual
vindictiveness by the State.  Accordingly, we overrule appellant’s first issue.

Conclusion

 

          Having
overruled both of appellant’s issues, we affirm the trial court’s judgment.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 7, 2011









[1]See Tex. R. App. P. 47.4.





[2]We address appellant’s
second issue first because if it is resolved in appellant’s favor, the first
issue is moot.





[3]Appellant does not raise
the sufficiency of the evidence to prove contact in the second prosecution. 
Although the complainant was not a very young child when she testified in the
second trial, we note that even adults often incorrectly use the word “vagina”
to describe the external part of a female’s genitalia.  Regardless, it is clear
from the complainant’s testimony that she is referring to appellant’s kissing
her on her female sexual organ.





[4]Appellant also contends
that the second prosecution is barred by res judicata.  But “[t]he doctrine of
res judicata serves the same basic purposes and principles in civil proceedings
as double jeopardy does in the criminal context.”  Ex parte Watkins, 73
S.W.3d 264, 267 n.7 (Tex. Crim. App.), cert. denied, 537 U.S. 948 (2002). 
Therefore, our double jeopardy analysis disposes of appellant’s res judicata
argument.





[5]The complainant gave
basically the same account in the second case, but that testimony was more
detailed and covered approximately fourteen pages.