

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00142-CR

MICHAEL LOPEZ                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Michael Lopez on two counts of felony assault against a family or household member, and the trial court sentenced him to five years' confinement on each count. In two issues, Lopez argues that the trial court erred by not declaring a mistrial after dismissing a juror and that the evidence is legally insufficient to support his conviction on both counts. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Lopez and Erica Perez have two young children together. On February 13, 2010, Erica's friend, Yama Martinez, drove Erica and the two children to Lopez's residence so that Erica could leave the children with Lopez. Shortly after Erica went inside to collect her mail, she and Lopez began arguing.[2] When Erica tried to leave, Lopez pulled her by her hair and arm and choked her on the floor. When Erica ran outside, Lopez pulled her to the ground. Erica eventually managed to enter Yama's vehicle, leave the scene, and call the police.

In his first issue, Lopez argues that the trial court erred by not declaring a mistrial after excusing a juror from service at the outset of trial. Lopez concedes that his trial counsel agreed to proceed with eleven jurors and that the court of criminal appeals has already addressed this precise issue, but he asks us to "revisit the issue and declare" that continuing a trial with less than twelve jurors is "fundamental error."

The court of criminal appeals has held that a defendant may waive article 36.29(a)'s requirement that not less than twelve jurors can return a verdict in a noncapital felony case. *See Hatch v. State*, 958 S.W.2d 813, 816 (Tex. Crim. App. 1997). The record demonstrates that after the trial court excused the juror, both Lopez's trial counsel and the State agreed to proceed with eleven jurors. As an intermediate appellate court, we are bound to follow the pronouncement of the court of criminal appeals in *Hatch*. *See Wiley v. State*, 112 S.W.3d 173, 175

---

[2]Lopez thought that Erica was "talking to somebody else."

(Tex. App.—Fort Worth 2003, pet. ref'd).  Thus, the trial court did not err by not sua sponte granting a mistrial nor by proceeding with eleven jurors.

Further, and notwithstanding the parties' consent to proceed with eleven jurors, to the extent that the trial court dismissed the juror because he became disabled, article 36.29 required the trial to proceed with eleven jurors.[3]  *See Hill v. State*, 90 S.W.3d 308, 314–15 (Tex. Crim. App. 2002) (reasoning that Texas law provides not one, but two instances in which a trial can proceed with eleven jurors:  (1) when the parties consent under government code section 62.201 and (2) regardless of the parties' consent, when a juror dies or becomes disabled under code of criminal procedure article 36.29(a)).  We overrule Lopez's first issue.

In his second issue, Lopez challenges the sufficiency of the evidence to sustain his conviction on both counts of felony assault.  Regarding count one, Lopez contends that the evidence was conflicting as to whether he caused Erica bodily injury by "impeding the normal breathing or circulation of the blood of Erica Perez by applying pressure to [her] throat or neck or by blocking [her] nose or mouth by choking her with his hand."  Likewise, regarding count two, Lopez contends that the evidence was conflicting as to whether he caused Erica bodily

---

[3]Initially, the trial court did not indicate that it dismissed the juror as disabled.  But later during trial, the State asked the trial court to make a finding as to whether the dismissed juror was either mentally or emotionally disabled, and the trial court responded, "It's obvious he was -- mentally could not serve because of the emotional aspect of it."

injury by "grabbing her arm with his hand, or by grabbing her around her neck with his hand, or by pulling her to the ground, or by pulling her hair with his hand."

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Here, Erica testified that when she was inside Lopez's residence, he grabbed and pulled her hair and choked her and that she was not able to breathe when she was choked. Outside, when she contacted the ground, Erica testified that Lopez "must have been pulling [her]" down to the ground, and although Yama gave conflicting testimony, she did testify that she saw Lopez grab Erica when she was trying to get into the vehicle and that Erica was wet from hitting the ground. The jury was entitled to weigh and resolve conflicts in the evidence and draw reasonable inferences therefrom. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Accordingly, we hold that the evidence is sufficient to support Lopez's conviction on both counts of felony assault against a family or household member, and we overrule his second issue.

4

Having overruled both of Lopez's issues, we affirm the trial court's judgments.


BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 19, 2012