

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-18-00124-CR

EX PARTE JEFFERY POOL

----------

## FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
## TRIAL COURT NO. 187,799-A

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jeffery Pool appeals the trial court's denial of his application for a writ of habeas corpus. Because the court of criminal appeals has determined that pretrial habeas proceedings are not an appropriate avenue for raising a claim related to the Interstate Agreement on Detainer's Act (IAD), we dismiss the appeal for lack of jurisdiction. *See Ex parte Doster*, 303 S.W.3d 720, 727 (Tex. Crim. App.), *cert. denied*, 560 U.S. 957 (2010).

---

[1]*See* Tex. R. App. P. 47.4.

## Background

This case centers upon the extradition of Pool from Washington to Texas. The State of Texas indicted Pool for two counts of aggravated robbery in July 2015. At the time, he was incarcerated in Washington state. Texas began the extradition process by filing a petition under Article IV of the IAD. *See* Tex. Code Crim. Proc. Ann. art. 51.14 (West 2018). Pool contested the extradition in the Washington trial court. The trial court appointed an attorney to represent Pool, held a hearing, and approved the extradition to Texas. The Washington trial court entered the following findings:

1. That the defendant, Jeff[er]y Lamont Pool, is the same person whose temporary custody has been requested by the District Attorney's Office, Wichita, Texas;

2. That there is an outstanding warrant pending against defendant Jeff[er]y Lamont Pool, in the 30th Judicial District Court, State of Texas; and

3. That the request for temporary custody of the defendant is in proper form and complies with the Interstate Agreement of Detainers.

Once in Texas, Pool filed an application for writ of habeas corpus in which he alleged that Washington state had violated the requirements of the IAD during the extradition process. He specifically alleged that Washington did not hold him for 30 days as required by article 51.14, Article IV(a); that the appropriate party did not approve, record, or transmit the request as required by article 51.14, Article IV(a); that information required to be transmitted under article 51.14, Article IV(b) was not transmitted; and that he was not provided a meaningful

2

opportunity to challenge the legality of the extradition as required by article 51.14, Article IV(d) and due process. *See id.* Article IV(a)–(b), (d).

The trial court held a hearing, during which Pool's attorney advanced the same arguments. The trial court denied Pool's application and this appeal followed.

## Discussion

It is well-established that appellate courts must be careful "to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (internal quotation marks omitted). This is because pretrial habeas relief "should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

The court of criminal appeals has already determined that judicial economy is not served through the interlocutory appeal of the denial of an IAD-based pretrial writ application and has therefore concluded that "pretrial habeas proceedings are not an appropriate avenue for raising an IAD claim." *Doster*, 303 S.W.3d at 726–27. Pool has not addressed the *Doster* opinion in his arguments, and we are bound by the decisions of the court of criminal appeals, *see Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet.

3

ref'd).  We therefore dismiss this appeal for lack of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

## Conclusion

Having held that we lack jurisdiction, we dismiss this appeal.  *See Doster*, 303 S.W.3d at 727; Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 16, 2018

4