

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00111-CR
No. 02-19-00112-CR
No. 02-19-00113-CR

_____

JOEY ABRAHAM MOOSO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1507506D, 1550423D, 1561923R

---

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Joey Abraham Mooso entered open pleas of guilty to a count of second-degree-felony possession with intent to promote child pornography (Cause No. 1507506D), five counts of third-degree-felony possession of child pornography (Cause No. 1550423D), and two counts of second-degree-felony sexual assault of a child under the age of 17 (Cause No. 1561923R). *See* Tex. Penal Code Ann. §§ 22.011(a)(2); 43.26(a), (e). In so doing, Mooso signed judicial confessions in each case that stated in relevant part, "I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. **All facts alleged in the indictment or information are true and correct**." [Emphasis added.] By the terms of the judicial confessions, Mooso agreed that the trial court took judicial notice of the confessions. *See Davis v. State*, 02-15-00183-CR, 2016 WL 3452786, at \*2 (Tex. App.—Fort Worth June 23, 2016, pet. ref'd) (holding judicial confession sufficient to support guilty plea that included a statement acknowledging trial court's judicial notice of the same).

Mooso did not challenge the sufficiency of the indictments against him, nor does he challenge them on appeal. Rather, Mooso argues in his sole issue that the State was required to introduce evidence into the record showing Mooso's guilt despite his signing the judicial confessions. *See* Tex. Code Crim. Proc. Ann. art. 1.15 ("[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant . . . ."). In so doing, Mooso asks us to disregard the court

of criminal appeals' decision in *Dinnery v. State*, in which the court reiterated that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea. 592 S.W.2d 343, 353, 354 (Tex. Crim. App. [Panel Op.] 1980) (op. on reh'g) ("It should be remembered that a judicial confession does not require corroboration, and the cases cited did not hold that a judicial confession, standing alone, is sufficient to sustain the guilty plea provided there is other evidence in the record to also support the conviction.").

Because we are bound by the decisions of the court of criminal appeals, we decline Mooso's invitation to disregard *Dinnery*. *See Wiley v. State*, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd) ("[A]s an intermediate appellate court we are bound to follow the pronouncements of the court of criminal appeals."). And, following *Dinnery*, we hold that Mooso's written judicial confession was sufficient to meet the State's burden under Article 1.15 in each case and overrule Mooso's sole issue on appeal. *See Davis*, 2016 WL 3452786, at *2 (holding similarly). Accordingly, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2019