Johnnie Lee MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 1011–88.

Court of Criminal Appeals of Texas, En Banc.

Jan. 10, 1991.

John H. Hagler, Dallas, for appellant.

John Vance, Dist. Atty. and Teresa Tolle, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury found appellant, Johnnie Lee Murphy, guilty of the first degree felony offense of aggravated sexual assault, and assessed his punishment at imprisonment for life and a $2,500 fine. Tex.Penal Code §§ 12.32 and 22.021. The Fifth Court of Appeals affirmed appellant's conviction in an unpublished opinion. *Murphy v. State*, No. 05–87–00686–CR (Tex.App.—Dallas, July 18, 1988). We granted his petition for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(3), in order to determine whether a post-arrest confession allegedly made by him should have been suppressed. We will reverse and remand.

Appellant was arrested by a Dallas police officer at an apartment complex on Mayham Road in Dallas at approximately 9:00 a.m. on January 28, 1987. Minutes earlier, appellant had fled from an apartment, occupied by complainant L___ P___, in a neighboring apartment complex. At the time of appellant's arrest, L___ P___, a female, told police that appellant had just sexually assaulted her in her apartment at gunpoint.

At around 1:30 p.m., January 30, at a Dallas police station, appellant was approached by police officer Evelyn Crowder, who explained to him his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Crowder then told appellant she wanted to question him about L___ P___'s allegations. Appellant responded that he preferred to speak first with his lawyer. Crowder then permitted appellant to speak to his lawyer on a telephone in Crowder's presence. About fifteen minutes after appellant's conversation with his lawyer, Crowder approached him again and asked him whether he wanted to tell "his side of what happened" on the day of the alleged sexual assault. Appellant replied, "Sure, I don't have anything to hide," and proceeded to answer Crowder's questions, although his lawyer was not present. According to Crowder, appellant admitted sexually assaulting L___ P___ at the time alleged and also admitted sexually assaulting L___ B___, a neighbor of L___ P___, on October 25, 1986.

Appellant was subsequently indicted, tried, and convicted of sexually assaulting L___ P___. At trial Crowder testified, over appellant's objection, regarding the confession he allegedly made to her. Appellant also testified and conceded that he entered L___ P___'s apartment without permission on the morning of January 28, 1987, but he claimed he was merely seeking help for his stalled automobile. He denied sexually assaulting either L___ P___ or L___ B___ and denied ever telling Crowder otherwise.

On appeal, appellant argued, as he did at trial, that his alleged confession was taken in violation of his right to counsel under the Fifth and Fourteenth Amendments to the United States Constitution. The State responded that appellant's right to counsel was not infringed because he was allowed to consult with counsel before his inculpatory statements were made. The court of appeals affirmed appellant's conviction, holding that evidence of the confession was admissible because, as the State argued, appellant was given access to counsel and "[t]here is no evidence of duress, violence, coercion, etc. used in the

questioning of appellant." Op. at 11. The parties now make the same arguments to this Court that they made below.

The United States Supreme Court held in *Miranda* that, consistent with the effective implementation of the Fifth Amendment privilege against self-incrimination, police officials must terminate interrogation of an accused if the accused requests the assistance of counsel. In *Edwards v. Arizona*, 451 U.S. 477, 484–485, 101 S.Ct. 1880, 1884–1885, 68 L.Ed.2d 378 (1981), the Court reinforced the protection of *Miranda* and held that once an accused requests counsel, officials may not reinitiate questioning "until counsel has been made available" to him.

We noted in *Freeman v. State*, 723 S.W.2d 727, 732 (Tex.Cr.App.1986), that under *Miranda* and *Edwards*, "[o]nce a defendant invokes his right to counsel, he may not be subjected to further interrogation until counsel is *present*, unless the defendant himself initiates dialogue with the authorities." (Emphasis added.) See also *Holloway v. State*, 780 S.W.2d 787, 789–790 (Tex.Cr.App.1989). Despite this Court's clear statement in *Freeman*, the court of appeals held that the police may reinitiate interrogation at any time after a suspect consults with his lawyer "because it is entirely possible for [a suspect] to simply change his mind." Op. at 12. The precise question presented here—whether the safeguards under *Edwards* cease once a suspect has consulted with a lawyer—was answered squarely by the Supreme Court in *Minnick v. Mississippi*, —— U.S. ——, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990):

> In our view, a fair reading of *Edwards* and subsequent cases demonstrates that we have interpreted the rule to bar police initiated interrogation unless the accused has counsel with him at the time of questioning. Whatever the ambiguities of our earlier cases on this point, we now hold that when counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney.

—— U.S. at ——, 111 S.Ct. at 491. Thus, it was error for Crowder to question appellant after he consulted with counsel without counsel being present, and it was error for the trial court to admit Crowder's testimony over appellant's objection.

Neither appellant nor the State has argued the question whether the harmless error standard of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), or an automatic reversal rule is applicable to the admission of statements obtained in violation of *Edwards*. See *Payne v. Arkansas*, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (confessions that are coerced, physically or mentally, require reversal); *United States v. Wolf*, 879 F.2d 1320, 1323 (6th Cir.1989), and cases cited therein (harmless error standard of *Chapman* applicable to confessions obtained in violation of *Edwards*); 3 LaFave & Israel, *Criminal Procedure* § 26.6(d) fn. 120 (1984) ("[L]ower courts have agreed that the harmless error rule applies to the admission of statements obtained in violation of *Miranda.*"). We find it unnecessary, however, to decide that question today, because a decision one way or the other would not change the outcome of the instant case. Assuming *arguendo* that the *Chapman* harmless error standard applies, we conclude that appellant's conviction must be reversed because there is a reasonable possibility that Crowder's testimony contributed to the finding of guilt. The evidence of appellant's guilt presented at trial consisted only of the testimony of L—— P—— and L—— B——, both of whom positively identified appellant as their assailant, and Crowder's testimony. Against this evidence was the testimony of appellant, who vigorously denied sexually assaulting either L—— P—— or L—— B——. Crowder's testimony directly contradicted that of appellant and, if believed, was devastating to his defense. A reasonable possibility of harm is therefore evident.

The judgment of the court of appeals is reversed and the cause remanded for a new trial.

WHITE, J., concurs in result.