James Cedric JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–98–00154–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 15, 1999.

Discretionary Review Refused Oct. 20, 1999.

Charles Hinton, Houston, for Appellant.

Barbara A. Drumheller, Asst. Dist. Atty., John B. Holmes, Harris County Dist. Attys. Office, Houston, for State.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellant, James Cedric Jones, pled not guilty to the charge of murder. Following a jury trial, appellant was convicted of the lesser included offense of manslaughter, and the jury assessed punishment of 20 years in prison. The critical issue on appeal is whether the actions of the police in asking an accused to sign a written consent to search after the accused has invoked his right to counsel, constitutes re-interrogation under *Miranda v. Arizona*.[1] We hold that it does not, and, therefore, we affirm the judgment of the trial court.

### *Factual Background*

Appellant was arrested for the murder of his common-law wife, Trina Morehead.

1.  384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694    (1966).

Following his arrest, appellant was advised of his *Miranda* rights by Houston Police Officer L.D. Foltz. Appellant indicated he wanted to talk to an attorney before answering any questions. Thus, Foltz immediately ceased his questioning and transported appellant to jail. Some 6 hours later, before appellant was provided with counsel, Foltz checked appellant out of jail and asked him to sign a consent form allowing the officers to search Morehead's car. Appellant gave the officers consent to search the car. As Foltz was taking appellant back to his cell, appellant told Foltz that he wanted to explain what had happened. Foltz re-advised appellant of his *Miranda* rights. Appellant waived his rights by initialing each of the warnings and issued a written statement confessing to Morehead's murder.

### Did the Police Violate Appellant's Right to Counsel?

■ In his sole point of error, appellant contends the trial court erred in admitting his written confession into evidence. According to appellant, the actions of the police in asking him to sign a written consent form after he had invoked his right to counsel constituted re-interrogation in violation of his right to counsel under the Fifth Amendment. Consequently, appellant asserts his later confession was inadmissible.

### Discussion

■ "Interrogation" is defined as express questioning and "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis,* 446 U.S. 291, 301, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980). Once an accused requests an attorney, the police must immediately terminate the interrogation. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Murphy v. State,* 801 S.W.2d 917, 919 (Tex.Crim.App. 1991). The police may not reinitiate the interrogation before counsel is made available to the accused. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981); *Murphy,* 801 S.W.2d at 917.

■ However, an accused may be subjected to further interrogation outside the presence of counsel if the accused initiates conversation with the police. *Edwards,* 451 U.S. at 484–85, 101 S.Ct. at 1884–85. An accused initiates a conversation under *Edwards,* only by remarks that can be fairly said to represent a desire to open up a more generalized discussion relating directly or indirectly to the investigation. *Oregon v. Bradshaw,* 462 U.S. 1039, 1044, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983). No Texas case has addressed the issue of whether asking the accused for consent to search after the he has invoked his right to counsel, constitutes re-interrogation under *Miranda.* Therefore, we turn to federal jurisprudence for guidance.

In *United States v. McClellan,* the Seventh Circuit was faced with this exact issue. 165 F.3d 535 (7th Cir.1999). In *McClellan,* after the defendant was arrested and read his *Miranda* warnings, he requested an attorney and the police ceased their questioning. *Id.* at 539. However, approximately 15 minutes later, the police told the defendant that if he consented to the search of his vehicle, there might be the possibility of a reduced sentence. *Id.* at 540. The defendant gave the officers written consent to search his vehicle. *Id.* The officers recovered 200 pounds of marijuana from the defendant's car. *Id.* On appeal, the defendant claimed that the trial court should have suppressed the marijuana because it was obtained in violation of his Fifth Amendment right to counsel. According to the defendant, the actions of the police in asking him to give them consent to search his vehicle after he requested counsel constituted re-interrogation under *Miranda. Id.* at 544.

The Seventh Circuit disagreed and found that the actions of the police did not

violate *Miranda*. *Id.* The court reasoned that "consent to search is not an interrogation within the meaning of *Miranda* because the giving of consent is not a self-incriminating statement." *Id; see also Smith v. Wainwright,* 581 F.2d 1149, 1152 (5th Cir.1978) ("[C]onsent to search is not an incriminating statement; it is not in itself evidence of a testimonial or communicative nature."). The Seventh Circuit's reasoning and decision in *McClellan* comports with every other federal court of appeals that has addressed this issue. *See United States v. McCurdy,* 40 F.3d 1111, 1118 (10th Cir.1994); *United States v. Hidalgo,* 7 F.3d 1566, 1568 (11th Cir.1993); *United States v. Cherry,* 794 F.2d 201, 204 (5th Cir.1986); *Cody v. Solem,* 755 F.2d 1323, 1330 (8th Cir.1985); *United States v. Lemon,* 550 F.2d 467, 472 (9th Cir.1977). We agree with the position taken by our federal counterparts.

■ Here, as in *McClellan,* appellant invoked his right to counsel and all questioning of appellant ceased. Later, the officers asked appellant for written consent to search his vehicle. Appellant's act of signing the consent form was not, in and of itself, an incriminating statement. *Smith,* 581 F.2d at 1152. Additionally, on the way back to his cell after signing the consent form, appellant, in the midst of an informal conversation that did not relate to the investigation, told the officers he wanted to tell them what occurred. Appellant was again read his rights. Appellant waived his rights in writing and issued a written statement confessing to the crime.

We hold that the actions of the police in asking appellant for consent to search does not constitute re-interrogation under *Miranda*. Moreover, because appellant reinitiated discussions with the police on the way back to his cell, his written confession was not taken in violation of his right to counsel. Thus, it was admissible at trial. *See Edwards,* 451 U.S. at 484–85, 101 S.Ct. at 1884–85. Accordingly, we overrule appellant's sole point of error.

We affirm the judgment of the trial court.