**The STATE of Texas, Appellant,**

v.

**Jesus Enrique MARTINEZ, Appellee.**

No. 08–02–00248–CR.

Court of Appeals of Texas, El Paso.

Aug. 11, 2004.

Rehearing Overruled Oct. 27, 2004.

(Tex.Crim.App.2000).

Karen L. Landinger, Ray, Valdez, McChristian & Jeans, El Paso, for Appellant.

Ruben P. Morales, El Paso, for Appellee.

Before Panel No. 2, BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is a State's appeal from the order of the trial court granting Appellee Jesus Enrique Martinez's motion to suppress evidence. We affirm in part and reverse in part.

## I. SUMMARY OF THE EVIDENCE

Officer Michael Macias of the El Paso Police Department testified that on April 15, 2001 at approximately 5 p.m., he arrived at the scene of an accident. He observed that a single-vehicle accident had occurred on a street median. There was extensive damage to the vehicle. There were two people in the vehicle—Martinez was in the driver's seat. Officer Macias testified that he believed he was told that the other occupant was deceased and that she was Martinez's mother. Martinez was extracted from the vehicle and placed on a stretcher in an ambulance. While he was being attended to by the emergency medical personnel, Officer Macias interviewed Martinez. He stated that he lost control of the vehicle while driving home from Easter church services and lunch. Officer Macias testified that Martinez's eyes were glassy looking and bloodshot. He smelled an odor of alcohol about Martinez's person. Officer Macias asked Martinez if he had been drinking and he responded affirmatively. When the officer asked how much he had to drink, Martinez stated that HE would not answer any more questions. Officer Macias arrested Martinez and read the *Miranda* warnings. He arrested Martinez for DWI because there was insufficient information to indicate that it was an intoxication manslaughter case. The officer rode with Martinez to the hospital. He was uncooperative and refused to speak.

At the hospital, Martinez refused to answer the questions of the medical staff about the accident while Officer Macias was in the treatment area. He refused medical treatment. However, as time passed, Martinez asked Officer Macias about his mother's condition. The officer advised Martinez about a blood test and read a form called the "DIC 24" that he obtained from the blood specimen kit. Officer Macias testified that Martinez gave verbal and written consent to have a blood specimen drawn. A nurse drew the blood and the specimen was sent to police headquarters. The witness stated that Martinez volunteered the statement that he had been an alcoholic since the age of thirty-seven when his father died. Officer Macias told Martinez that he would also be given the opportunity to submit to a breath test at the police station. Martinez stated that he would fail that test because he had a lot of vodka drinks the night before.

Officer John Pennington, an officer with the El Paso Police Department, testified that he assisted in the investigation of the accident. Officer Pennington testified that he read DIC forms 23, 24, and 25 to Martinez at police headquarters after the blood specimen was taken and he refused to sign the forms, although he initially testified that he read the forms to Martinez before the blood sample was taken and he refused to sign the forms.

In further testimony, Officer Macias testified that he read a DIC form to Martinez prior to taking the blood specimen but he could not say what was stated on the form that he used. He could not produce the form. Officer Macias stated that he thought that the form he read to Martinez was less detailed than the DIC 24 that was read to him at the police station after the

blood sample was taken. The witness gave some indication that the form did not inform Martinez of the consequences of refusing the test.

The State argued to the court that Martinez had consented to the blood test. The court ruled that there was no evidence before it that Martinez signed a statement consenting to the blood test and he suppressed the blood test evidence. Subsequently, on April 29, 2002, the State filed a document entitled "State's Motion to Re–Open/Reconsider." In this document, the State maintained that the documents that were purportedly read to Martinez to obtain his consent for the blood test could not be located and the officers could not remember what admonishments were contained on the form. The State conceded that there was no evidence before the court that Martinez was admonished of the warnings contained in forms DIC 23, 24, and 25 prior to the blood specimen being taken. The State argued in its motion that the blood test results were still admissible

as there was no need to present proof that any admonishments were read to an accused with regard to voluntarily taken tests.

On May 29, 2002, the court issued an order holding that any statements obtained from Martinez after his arrest were obtained in violation of his rights. The court ruled that Martinez did not voluntarily consent to the blood test. Also, the court held that there was no deemed consent to the taking of a blood specimen under "Article 6701 1–5, § 1 (Vernons) [sic]."[1] Further, the court ruled that the officers failed to give Martinez the required statutory warnings under "Article 1–5, § 2 (Vernons) [sic]."[2] Accordingly, the order stated that the blood seized from Martinez and the blood alcohol concentration analysis was suppressed as the blood was taken in violation of Martinez's rights.

## II. DISCUSSION

In a motion to suppress hearing, the trial court is the sole trier of fact and

1. Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1568, 1577, amended by Act of April 21, 1993, 73rd Leg., R.S., ch. 82, § 1, 1993 Tex. Gen. Laws 168, 168, amended by Act of May 29, 1993, 73rd Leg. R.S., ch. 900, § 1.09, Tex. Gen. Laws 3586, 3702, repealed by Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870 (current version at Tex. Transp. Code Ann. § 724.011 (Vernon 1999)). This article provides that any person who operates a motor vehicle on the public highways is deemed to have consented to the taking of a blood or breath test to determine the alcohol concentration in the person's body.

2. Section 2 of former Article 67011–5 of the revised civil statutes is the predecessor to Section 724.015 of the Transportation Code. See Act of June 6, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1568, 1577, amended by Act of June 19, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3523, repealed by Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025,

1819–22 (current version at Tex. Transp. Code Ann. § 724.015 (Vernon Supp.2004)). This article provides that before an officer requests a person submit to the taking of a specimen, the officer must inform the person orally and in writing that: (1) refusal to submit a specimen may be admissible in evidence; (2) refusal to submit a specimen will result in the person's driver's license being suspended; (3) if the person consents to the taking of a specimen and testing shows the person had an alcohol concentration of a level specified under Chapter 49 of the penal code, then the person's license will be suspended; (4) if the person is under age twenty-one and consents to the taking of a specimen and testing shows the person had any alcohol in his system, then the person's license will be suspended; (5) if the person does not have a license, then the department of public safety will not issue him a license during the period his license would have been suspended; and (6) instructions for obtaining a hearing on the suspension of the license. Tex. Transp. Code Ann. § 724.015 (Vernon Supp.2004).

judge of witness credibility and may believe or disbelieve all or part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000). A trial court's ruling on a suppression motion lies within the sound discretion of that court. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim.App.1996). We review a trial court's ruling on a motion to suppress for abuse of discretion, giving almost total deference to the trial court's determination of historical facts, but review the application of the law de novo. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex.Crim.App.2002); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997)(we review mixed questions of law and fact de novo if the resolution of the ultimate questions does not turn on an evaluation of credibility and demeanor).

■ In Issue No. One, the State maintains that consent is irrelevant to the determination of the admissibility of a blood sample. Specifically, the State urges that regardless of any lack of consent, there is no constitutional impediment to the taking of a blood specimen. Martinez argues that the State has waived this contention on appeal. We agree. Where the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense. *State v. Mercado*, 972 S.W.2d 75, 78 (Tex.Crim.App.1998). During the suppression hearing, the only argument urged by the State to the trial court was that Martinez actually consented to the blood test. As the contention that consent was not relevant was not raised below, it is not preserved for appeal.

The State also asserts that consent is irrelevant to a determination of the admissibility of a blood sample because Tex. Transp. Code Ann. § 724.012(b)(3) (Ver-

non Supp.2004) requires that a blood or breath specimen be taken if the officer reasonably believes that as a direct result of the accident, any individual has died or will die. Again, this contention was not raised below and is waived. *Mercado*, 972 S.W.2d at 78.

■ The State argued at the suppression hearing that Martinez actually consented to the blood sample. The State maintains that the evidence is uncontroverted that Martinez consented to providing his blood sample given Officer Macias' testimony that he consented orally and in writing. The State urges that the arrest was lawful and absent any additional factors, his being in custody was not sufficient to render his consent involuntary.[3] Martinez counters that the court was free to disbelieve the officer and urges several factors weighing in favor of the court's ruling. First, while Officer Macias testified that Martinez signed a written consent form, this form was never produced in court. In fact, the State acknowledged that no form could be found wherein Martinez consented to the blood test. The State further acknowledged that the officer could not recall what admonishments were contained on the form and that there was no evidence presented at the suppression hearing that Martinez was properly warned. Accordingly, it was within the court's purview to question that Martinez gave voluntary oral consent for the taking of the blood specimen. Apparently, Martinez refused to take a breath test when Officer Macias mentioned it at the hospital. He also refused Officer Pennington's request at the police station. Martinez asserts that the court could have questioned whether he voluntarily consented to the taking of the blood specimen given his refusal to consent to take a breath test before and after the taking of the blood.

3. In its order, the court ruled that the arrest was lawful.

Further, Martinez reasons that Officer Pennington's confusion about whether Martinez refused to sign the forms prior to the taking of the blood specimen could have caused the court to question the officer's credibility. We agree with Martinez that there is evidence in the record to indicate the court did not abuse its discretion in finding that the consent was involuntary. Further, there was sufficient evidence aside from the failure to give the appropriate warnings to indicate the consent was not voluntary.

■ The State also contends that Martinez impliedly consented to the blood test pursuant to Tex. Transp. Code Ann. § 724.011 (Vernon 1999).[4] Again, this contention was not raised below and is waived. *Mercado*, 972 S.W.2d at 78. Issue No. One is overruled.

In Issue No. Two, the State cites to authority stated in its motion to reopen the hearing stating that although the State must show the warnings were given before introducing evidence of a defendant's refusal to submit to a breath test, proof of those warnings is not required as a predicate to the introduction of voluntarily taken breath tests. *Hogue v. State*, 752 S.W.2d 585, 589–90 (Tex.App.-Tyler 1987 pet. ref'd); *See Landgraff v. State*, 740 S.W.2d 577, 579 (Tex.App.-Houston [1st Dist.] 1987 pet. ref'd).[5] However, these cases pertain when the consent was voluntarily given. As this was not so in the present case, the cited authority is inapplicable. Issue No. Two is overruled.

■ In Issue No. Three, the State argues that it was uncontroverted that Martinez initiated a conversation with the officers following his assertion of his Fifth Amendment rights. Consequently, the court erred in suppressing statements made following his lawful arrest. In its findings, the court ruled that all statements made by Martinez after his arrest were inadmissible. This involves two statements: (1) Martinez's statement that he is an alcoholic; and, (2) his statement that he would fail a breath test in that he had been drinking a lot of vodka. The only evidence at the hearing indicated that the first statement was volunteered by Martinez and the second statement was made in response to a request for a breath test.

■ After arrest an accused may validly waive his rights to remain silent by initiating conversation with the police authorities. *Etheridge v. State*, 903 S.W.2d 1, 19 (Tex.Crim.App.1994). Also, a request for a blood sample does not constitute interrogation under the Fifth Amendment. *Jones v. State*, 7 S.W.3d 172, 175 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd). The only evidence before the court was that these statements were not the product of a custodial interrogation. Accordingly, the trial court erred in suppression of the two statements. Issue No. Three is sustained.

Having overruled Appellant's Issues No. One and Two, but further having sustained

---

4. This section provides in relevant part:
    (a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic Beverage Code, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

5. We find that this contention was not waived by the State as it was raised before the court prior to the court's ruling.

Issue No. Three, we affirm in part and reverse in part. The case is remanded to the trial court for proceedings not inconsistent with this opinion.