COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

                                        NO.
2-05-355-CR

 

 

STANLEY JAMES WILLIAMS                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Stanley James
Williams appeals his conviction and life sentence for capital murder.  In two issues he contends that the trial
court erred by denying his motion to suppress and by submitting the law of
parties to the jury when the State had not pled it in the indictment.  We affirm.








The State charged appellant
with capital murder by intentionally causing the deaths of Brandi Marcle and
James Farmer by shooting them with a firearm during the same criminal
transaction.  Before trial, appellant filed
a motion to suppress evidence seized from his apartment and an oral statement
that he made after the search.  During
trial, after hearing argument outside the jury=s presence, the trial court denied the motion.  The trial court also submitted a charge that,
over appellant=s objection,
allowed the jury to convict appellant as a party if it did not believe he was
the principal actor.  The jury
subsequently convicted appellant, and because the State did not seek the death
penalty, the trial court assessed appellant=s punishment at confinement for life.








In appellant=s first issue, he contends that the trial court erred by denying his motion
to suppress evidence seized from his apartment and subsequent statements he
made after the seizure.  According to
appellant, the consent to search form that he signed was inadmissible under
article 38.22 of the code of criminal procedure because even though he twice
signed the consent form in his own handwriting, he failed to separately initial
the following part of the form:  AI HEREBY VOLUNTARILY WAIVE AND SURRENDER THESE RIGHTS, AND GIVE MY
PERMISSION TO THE FOLLOWING OFFICER, TW BOETCHER 1795, ALONG WITH ANY ASSISTING
OFFICERS, TO CONDUCT A COMPLETE SEARCH OF: 
THE PREMISES, BUILDINGS, AND CURTILAGE, LOCATED AT 6516 Apt 2301
Gothic.  (Initials of Consenting Party                             .@  See Tex. Code Crim. Proc. Ann. art. 38.22
(Vernon 2005).  Thus, appellant contends
that because the consent to search form was inadmissible under article 38.22,
the evidence seized as a result of the search and his subsequent statements are
likewise inadmissible as fruit of the poisonous tree.  Appellant does not challenge the
voluntariness of his consent, only the purported lack of compliance with
article 38.22.








Article 38.22 provides that
an accused=s written
statement made as a result of custodial interrogation is inadmissible against
him unless it is shown on the face of the statement that the accused was given
certain warnings and that the accused knowingly, intelligently, and voluntarily
waived the rights described in those warnings. 
Id.; Wilkerson
v. State, 173 S.W.3d 521, 527 n.14 (Tex. Crim. App. 2005).  Article 38.22 does not apply, however, to
statements that are not the result of custodial interrogation.  Tex. Code
Crim. Proc. Ann. art. 38.22, ' 5 (ANothing in
this article precludes the admission of a statement . . . that does not stem
from custodial interrogation . . . .@).  In addition, the
requirements of article 38.22 do not apply to consents to search.  Price v. State, 782 S.W.2d 266, 270-71
(Tex. App.CBeaumont
1989, pet. ref=d); Capello
v. State, 775 S.W.2d 476, 485 (Tex. App.CAustin 1989, pet. ref=d); see also Rayford v. State, 125 S.W.3d 521, 528 (Tex. Crim.
App. 2003) (holding Miranda warnings not required before police request
consent to search), cert. denied, 543 U.S. 823 (2004); Jones v. State,
7 S.W.3d 172, 174-75 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d) (holding that consent to search is not product of custodial
interrogation for Miranda purposes). 
Accordingly, we hold that the trial court did not err by denying
appellant=s motion to
suppress.  We overrule appellant=s first issue.








In his second issue,
appellant contends that the trial court erred by submitting the law of parties
to the jury when it was not pled.  But it
is well settled that the law of parties need not be pled in the indictment to
be included in the charge.  Marable v.
State, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002).[2]  Appellant objected to the inclusion of the
law of parties in the charge based on the United States Supreme Court=s opinions in Booker, Blakely, Ring, and Apprendi,
which deal with facts that must be found by a jury before punishment may be
increased over the statutory maximum.  See
United States v. Booker, 543 U.S. 220, 125 U.S. 738 (2005); Blakely v.
Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004); Ring v. Arizona,
536 U.S. 584, 122 S. Ct. 2428 (2002);  Apprendi
v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  But those cases are inapplicable here because
a party to a capital murder is criminally responsible to the same extent as a
principal actor.  See Tex. Penal Code Ann. '' 7.01-.02(a) (Vernon 2003). 
Appellant was subject to the same mandatory sentence, life imprisonment,
whether he was convicted as a party or principal.  Id. '' 7.01(b)-(c), 12.31(a) (Vernon 2003 & Supp. 2005).  Thus, the trial court=s inclusion of the law of parties in the charge could not have run
afoul of the Apprendi line of cases. 
We overrule appellant=s second issue.

Having overruled both of
appellant=s issues, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    LIVINGSTON, J.;
CAYCE, C.J.; and DAUPHINOT, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 20, 2006    

 











[1]See Tex.
R. App. P. 47.4.





[2]Appellant acknowledges that Marable
is binding precedent on this court.  See
Wiley v. State, 112 S.W.3d 173, 175 (Tex. App.CFort Worth 2003, pet. ref=d) (noting that intermediate
appellate courts are bound to follow the pronouncements of the court of
criminal appeals).