WILLIAMS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-355-CR

STANLEY JAMES WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stanley James Williams appeals his conviction and life sentence for capital murder.  In two issues he contends that the trial court erred by denying his motion to suppress and by submitting the law of parties to the jury when the State had not pled it in the indictment.  We affirm.

The State charged appellant with capital murder by intentionally causing the deaths of Brandi Marcle and James Farmer by shooting them with a firearm during the same criminal transaction.  Before trial, appellant filed a motion to suppress evidence seized from his apartment and an oral statement that he made after the search.  During trial, after hearing argument outside the jury’s presence, the trial court denied the motion.  The trial court also submitted a charge that, over appellant’s objection, allowed the jury to convict appellant as a party if it did not believe he was the principal actor.  The jury subsequently convicted appellant, and because the State did not seek the death penalty, the trial court assessed appellant’s punishment at confinement for life.

In appellant’s first issue, he contends that the trial court erred by denying his motion to suppress evidence seized from his apartment and subsequent statements he made after the seizure.  According to appellant, the consent to search form that he signed was inadmissible under article 38.22 of the code of criminal procedure because even though he twice signed the consent form in his own handwriting, he failed to separately initial the following part of the form:  “I HEREBY VOLUNTARILY WAIVE AND SURRENDER THESE RIGHTS, AND GIVE MY PERMISSION TO THE FOLLOWING OFFICER, TW BOETCHER 1795, ALONG WITH ANY ASSISTING OFFICERS, TO CONDUCT A COMPLETE SEARCH OF:  THE PREMISES, BUILDINGS, AND CURTILAGE, LOCATED AT 6516 Apt 2301 Gothic.  (Initials of Consenting Party 
                            
.”  
See 
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon 2005).  Thus, appellant contends that because the consent to search form was inadmissible under article 38.22, the evidence seized as a result of the search and his subsequent statements are likewise inadmissible as fruit of the poisonous tree.  Appellant does not challenge the voluntariness of his consent, only the purported lack of compliance with article 38.22.

Article 38.22 provides that an accused’s written statement made as a result of custodial interrogation is inadmissible against him unless it is shown on the face of the statement that the accused was given 
certain warnings and that the accused knowingly, intelligently, and voluntarily waived the rights described in those warnings.  
Id
.
; 
Wilkerson v. State
, 173 S.W.3d 521, 527 n.14 (Tex. Crim. App. 2005).  Article 38.22 does not apply, however, to statements that are not the result of custodial interrogation.  
Tex. Code Crim. Proc. Ann.
 art. 38.22, § 5 (“Nothing in this article precludes the admission of a statement . . . that does not stem from custodial interrogation . . . .”).  In addition, the requirements of article 38.22 do not apply to consents to search. 
 Price v. State
, 782 S.W.2d 266, 270-71 (Tex. App.—Beaumont 1989, pet. ref’d); 
Capello v. State
, 775 S.W.2d 476, 485 (Tex. App.—Austin 1989, pet. ref’d); 
see also Rayford v. State
, 125 S.W.3d 521, 528 (Tex. Crim. App. 2003) (holding 
Miranda
 warnings not required before police request consent to search), 
cert. denied, 
543 U.S. 823 (2004); 
Jones v. State
, 7 S.W.3d 172, 174-75 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (holding that consent to search is not product of custodial interrogation for 
Miranda
 purposes).  Accordingly, we hold that the trial court did not err by denying appellant’s motion to suppress.  We overrule appellant’s first issue.

In his second issue, appellant contends that the trial court erred by submitting the law of parties to the jury when it was not pled.  But it is well settled that the law of parties need not be pled in the indictment to be included in the charge.  
Marable v. State
, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002).
(footnote: 2)  Appellant objected to the inclusion of the law of parties in the charge based on the United States Supreme Court’s opinions in 
Booker
, 
Blakely
, 
Ring
, and 
Apprendi
, which deal with facts that must be found by a jury before punishment may be increased over the statutory maximum.  
See United States v. Booker
, 543 U.S. 220, 125 U.S. 738 (2005); 
Blakely v. Washington
, 542 U.S. 296, 124 S. Ct. 2531 (2004); 
Ring v. Arizona
, 536 U.S. 584, 122 S. Ct. 2428 (2002);  
Apprendi v. New Jersey
, 530 U.S. 466, 120 S. Ct. 2348 (2000).  But those cases are inapplicable here because a party to a capital murder is criminally responsible to the same extent as a principal actor.  
See
 
Tex. Penal Code Ann.
 §§ 7.01-.02(a) (Vernon 2003).  Appellant was subject to the same mandatory sentence, life imprisonment, whether he was convicted as a party or principal.  
Id
. §§ 7.01(b)-(c), 12.31(a) (Vernon 2003 & Supp. 2005).  Thus, the trial court’s inclusion of the law of parties in the charge could not have run afoul of the 
Apprendi
 line of cases.  We overrule appellant’s second issue.

Having overruled both of appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 20, 2006 

 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant acknowledges that 
Marable
 is binding precedent on this court.  
See Wiley v. State
, 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref’d) (noting that intermediate appellate courts are bound to follow the pronouncements of the court of criminal appeals).