# NO. 12-08-00085-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHEILA DIANE HENDRIX, APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sheila Diane Hendrix appeals her conviction for possession of a controlled substance with intent to deliver. In three issues, Appellant contends that the trial court erred in denying her motion to suppress. We affirm.

### BACKGROUND

Appellant and her boyfriend, Steve Samford, shared a trailer home in Eustace, Texas. On the night in question, Appellant and Samford engaged in an argument. Thereafter, Samford's family called the Henderson County Sheriff's Office and reported that there was a disturbance which possibly involved weapons and drugs. The Eustace Police Department was dispatched to investigate the incident.

When Eustace Police Department Officer John Dixon arrived at Appellant and Samford's trailer home, both Appellant and Samford appeared calm. Dixon observed a vehicle in front of the residence that he later determined was owned by Appellant. Dixon requested permission to search the vehicle, and both Appellant and Samford consented to the search. During the search of the vehicle, Dixon discovered methamphetamine.

Dixon and Chief Robert Walker then requested permission to search the trailer home. Again, both Appellant and Samford consented to the search. Dixon discovered methamphetamine inside the trailer home. Appellant and Samford were subsequently arrested. Appellant gave a written statement in which she acknowledged using and selling drugs.

Appellant was charged by indictment with possession of a controlled substance with intent to deliver. The matter proceeded to a jury trial. Ultimately, the jury found Appellant "guilty" as charged. Thereafter, a trial on punishment was conducted. Appellant pleaded "true" to an enhancement paragraph regarding her previous conviction for felony driving while intoxicated. The jury assessed Appellant's punishment at imprisonment for twenty-four years. The trial court sentenced Appellant accordingly, and this appeal followed.

## SUPPRESSION OF EVIDENCE

In her first, second, and third issues, Appellant contends that the trial court erred in failing to suppress the methamphetamine found in her car and the trailer home she shared with Samford. Specifically, Appellant argues that the trial court erred in failing to suppress evidence from the search of her vehicle and residence because Appellant gave consent to search before Dixon had read Appellant her *Miranda*[1] rights. Thus, Appellant argues that evidence that she gave consent was based solely on Dixon's uncorroborated testimony because her statement on the videotape evidence offered in addition to Dixon's testimony is inaudible.

### Preservation of Error

Initially, we must determine whether Appellant preserved error regarding the suppression of evidence concerning the methamphetamine found in her vehicle and trailer home. To preserve error for appellate review, an appellant must complain to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). The appellant's objection must be presented with sufficient specificity to make the trial court aware of the complaint, unless the grounds were evident from the context. *Id.* The record must reflect that the trial court ruled on the objection or that the appellant objected to the trial court's failure to rule. *Id.* Furthermore, where an appellant states that she has

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

"no objection" to an offer of evidence, she affirmatively waives the right to have the trial judge determine the admissibility of such evidence and waives any claim that the trial court erred in admitting the evidence. *See Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008).

Here, Appellant relies upon an objection to her statements contained on a videotape to establish that she objected to the search of her vehicle and trailer home. However, Appellant never raised an objection that the search of either her vehicle or her trailer home was improper. Further, when the evidence of methamphetamine found in both her vehicle and her trailer home was offered at trial, Appellant unequivocally stated, "No objection." Therefore, we hold that Appellant has waived the error, if any, of which she now complains.

## Consent to Search

Yet, even had we not held that Appellant waived her three issues, the outcome would not differ. We review a trial court's ruling on a motion to suppress for abuse of discretion. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Curry v. State*, 965 S.W.2d 32, 33 (Tex. App.–Houston [1st Dist.] 1998, no pet.). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

In reviewing the trial court's ruling, we apply a bifurcated standard of review. *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Hernandez v. State*, 957 S.W.2d 851, 852 (Tex. Crim. App. 1998). We give almost total deference to the trial court's determination of historical facts, while conducting a de novo review of the trial court's application of the law to those facts. *See Carmouche*, 10 S.W.3d at 327. The trial court is the exclusive finder of fact in a suppression hearing, and as such, it may choose to believe or disbelieve any or all of any witness's testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Furthermore, when, as in the instant case, "the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. *Id.* at 856.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches

and seizures. U.S. CONST. amend. IV. The Texas Constitution contains a similar prohibition. *See* TEX. CONST. art. I, § 9. A warrantless search is unreasonable unless it falls within certain specific exceptions, i.e., where a defendant consents to the search. *See Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991). Such consent must be given freely, unequivocally, and without duress or coercion. *Id.* A third party may give consent to search property over which they have joint access or control. *Patrick v. State*, 906 S.W.2d 481, 490 (Tex. Crim App. 1995). Because giving consent to search is not a self-incriminating statement, an officer's requesting consent is not an interrogation within the meaning of *Miranda*. *See Jones v. State*, 7 S.W.3d 172, 175 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd).

Dixon testified that both Appellant and Samford consented to the searches of both the vehicle and trailer home. The trial court was acting within its discretion to believe this testimony, even absent corroboration from videotape evidence, and to find that Appellant gave valid consent to the searches. While Appellant consented to the search of the vehicle prior to her being read her *Miranda* warnings, there is no evidence that such consent was given under duress or coercion. In fact, after consenting to the search of her vehicle and being read her *Miranda* rights, Appellant further consented to the search of her trailer home. Thus, based on our review of the record, we conclude that the trial court could have reasonably found that Appellant gave consent to search freely, unequivocally, and without duress or coercion. Therefore, the trial court did not err in denying Appellant's motion to suppress.

Appellant's first, second, and third issues are overruled.

#### DISPOSITION

Having overruled Appellant's three issues, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered September 24, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)