In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00104-CR
_____

JEREMIAH JEROME WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. F21-36521

**OPINION**

A jury convicted Jeremiah Jermone Walker of Possession of a Controlled Substance in an amount of at least four grams but less than four hundred grams, a second-degree felony, and sentenced him to twenty-five years of incarceration in the Texas Department of Criminal Justice.[1] *See* Tex. Health & Safety Code Ann. § 481.116(a), (d). In a single issue on appeal, Walker argues that the trial court erred

---

[1]The judgment also lists Walker's name as "JEREMIAH WALKER[.]"

1

by not including a jury instruction on "General Voluntariness of Statements" under article 38.22 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.22. We affirm.

**Background**

We limit the recitation of our background facts to the issue on appeal. *See* Tex. R. App. P. 47.1 (requiring appellate courts to hand down an opinion as brief as practicable that addresses all issues raised and necessary to appeal's disposition). At trial, Officer James William Knowles testified that he has been a patrol officer for the Port Arthur Police Department for seven years. He described his educational and professional background and stated that he was on patrol the night of June 27, 2020. A little after midnight, he was dispatched to an apartment complex regarding a male walking around the apartment complex exposing himself, who "was close to getting hit by a car[.]" When he arrived, he identified a man matching the suspect's description and spoke to him. Knowles testified that the man appeared to be "highly intoxicated" and that he could not provide basic information, other than his name. Knowles identified Walker in court. According to Knowles, Walker was "pretty unsteady[,]" and Knowles had him sit on the curb to speak to him further. Knowles asked Walker if he had any identification, and while Walker was looking for his identification, Knowles asked Walker three times if Knowles could check Walker's pockets, and on the third time, Walker said, "Yes." In Walker's front right pocket,

Knowles found a Scope bottle containing a brown substance that Knowles believed to be Phencyclidine, otherwise known as PCP. Knowles testified that he tested the substance, and the test indicated the presence of PCP.

In a redacted body camera video which was shown to the jury, Walker can be heard identifying himself to Knowles, but Walker could not identify his address, how he got to the apartment complex, or what he was doing at the apartment complex that night. Walker denies drinking, smoking, taking any pills or having any medical issues. Knowles is then heard asking Walker if he has "anything… you are not supposed to have?" He asks Walker if he has drugs or guns, and Walker states, "No sir." Knowles then asks Walker for his identification, and whether he has anything else in his pocket. Knowles then can be heard asking Walker, "Do you mind if I check your pockets?" He repeats this question two more times, asking a final time "Can I check your pockets to make sure you ain't got nothing you're not supposed to have?" Walker responds, "Yeah, sure." Knowles then states, "I just want to make sure you don't got nothing you're not supposed to have." Knowles can then be seen searching Walker's pockets.

Walker testified in his own defense. He admitted to using PCP and denied that he recalled the events that transpired that night. He described how PCP affects him, stating that "basically it affects me mentally and all this, sir, because the things I was going through at that time, the only way -- the only way to ease the pain in my mind

3

to -- to not to trigger to -- in order to use PCP." Walker denied that he voluntarily consented to the search. During cross examination, Walker repeatedly testified he did not recall the events of that night.

After both sides rested, defense counsel requested that the charge include an instruction regarding whether Walker voluntarily consented to the search of his pockets that yielded the Scope bottle containing PCP:

> THE COURT: Make your motion, Counsel.
>
> [DEFENSE COUNSEL]: Your Honor, I mean, I can get the specific language of what I'm requesting; but I believe under Article 38.23 of the Code of Criminal Procedure, we've raised an issue regarding a fact that is necessary for the jury to pass on the admissibility of the evidence, particularly the voluntariness and the existence of consent in this case, whether consent was given. And then secondly, whether it was voluntary if it were given. This is an issue of fact, and we're requesting an instruction to the jury under 38.23 that before they can consider the evidence of PCP that they first have to believe beyond a reasonable doubt that there was, in fact, consent given and that it was voluntary. And I can get -- if you give me a minute, I can get the specific language of what I'm --
>
> THE COURT: Your objection is overruled. Your requested issue is denied.
>
> [DEFENSE COUNSEL]: Okay. I'm going to need a minute to get the language, though, that I'm requesting.
>
> THE COURT: I think you've made it -- made it clear what you're requesting.
>
> [DEFENSE COUNSEL]: I have to request the specific language, though, I think, Your Honor; and I'd like to -- if I could have a second to get the instruction.

THE COURT: No. That's denied. You've made an adequate motion, and I've denied it.

[DEFENSE COUNSEL]: Well, let me recite it the best I can into the record.

THE COURT: All right.

[DEFENSE COUNSEL]: Your Honor, we would request that the following instruction be given to the jury: That before you consider any evidence of P -- the PCP in this case that you have to believe beyond a reasonable doubt that the defendant provided knowing and effective consent to the search. Unless you so find or unless you have a reasonable doubt thereof, you shall not consider the evidence of PCP seized in this case.

THE COURT: And I --

[DEFENSE COUNSEL]: And if you find beyond a reasonable doubt that the defendant provided effective knowing and voluntary consent, you shall go on to consider whether the defendant was in knowing possession of the -- of the PCP and determine what -- determine the guilt or not guilt of the defendant.

THE COURT: All right. That requested instruction is denied.

[DEFENSE COUNSEL]: And again, that's requested under 38.23.

THE COURT: All right.

[DEFENSE COUNSEL]: And then we would -- also, Your Honor, I would reurge my motion to suppress before I rest, too, because I think there's been additional evidence regarding the lack of consent, that the State's relying on consent. I think that we've elicited additional evidence from the defendant that there was no consent provided in this case. There's no voluntary consent provided in this case; and that, therefore, would render the search illegal.[2]

---

[2]In his pretrial motion to suppress, appellant had urged, "The evidence seized pursuant to the warrantless search/seizure upon which the indictment is predicated

THE COURT: All right. That's denied.

[…]

[DEFENSE COUNSEL]: Your Honor, I think on the record, too, in order to properly preserve error, I need to go ahead and object to the Court's failure to include that charge and get a ruling on that.

THE COURT: That you what?

[DEFENSE COUNSEL]: That I object to the Court's failure to give the charge as requested on -- under 38.23 as to the -- the jury -- it being necessary for the jury first to find as a factual issue that there was effective and voluntary consent. I need to object to the failure of that to be included.

THE COURT: I think you've made that objection, but --

[DEFENSE COUNSEL]: Well, I have to object; and I think it has to be overruled. But I object to the --

THE COURT: And it's overruled.

Walker does not argue on appeal that the trial court erred in refusing an article 38.23 instruction regarding whether Walker voluntarily consented to the search of his pockets, nor that the trial court erred in overruling his objection to the charge for failing to include such an instruction. Instead, Walker characterizes his giving of consent to search as a "statement" and complains that the charge did not include a "general voluntariness" instruction under article 38.22 that the jury should not

---

should be suppressed pursuant to [Texas Rule of Criminal Procedure Article] 38.23(a) as the product of an illegal search and/or seizure."

6

consider his "statement" for any purpose unless the jury believed beyond a reasonable doubt that the "statement" was voluntarily made.[3]

**Analysis**

Article 38.22, section 3 of the Texas Code of Criminal Procedure prescribes rules for the admissibility of oral statements made by an accused in a criminal proceeding. *Moore v. State*, 882 S.W.2d 844, 846 (Tex. Crim. App. 1994); Tex. Code Crim. Proc. Ann. art. 38.22, § 3. These rules not only "incorporate the requirements of *Miranda*[]" but also require that the accused "knowingly, intelligently, and voluntarily waived" the rights set out in the *Miranda* warnings.

---

[3]Walker's arguments on appeal are based solely on article 38.22, but in the concluding paragraph of his brief he asserts, "Defendant should have been allowed a jury instruction of General Voluntariness pursuant to Article 38.23, Texas Code of Criminal Procedure[.]" Since article 38.23 does not deal with general voluntariness, it is unknown whether the reference to article 38.23 was inadvertent. In any event, this sentence is the brief's only reference to article 38.23; the brief does not explain how or why article 38.23 applies, nor does it cite any authority in support of the concluding paragraph's bare assertion that it does. Although we treat an issue as including "every subsidiary question that is fairly included[,]" an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(f)(i); *see Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015). A brief does not adequately comply with this rule "if we must speculate or guess about the appellant's issues." *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at *4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Waiver may result from an appellant's "[f]ailure to provide citations or argument and analysis as to an appellate issue[.]" *Ross*, 462 S.W.3d at 500 (citation omitted). Because we conclude general voluntariness under article 38.22 is the only issue adequately briefed on appeal, our opinion addresses only that issue.

*Oursbourn v. State*, 259 S.W.3d 159, 171-172 (Tex. Crim. App. 2008) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)); Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a). When the evidence raises a question about whether an accused's statement was voluntarily made and "the trial judge is notified of the voluntariness issue (or raises it on his own)[,]" section 6 of article 38.22 triggers "a chain of other requirements" including a hearing outside the jury's presence to determine whether the statement is admissible, and if so, the inclusion of a "general voluntariness" instruction in the charge, instructing the jury that "'unless the jury believes beyond a reasonable doubt that the statement was voluntarily made, the jury shall not consider such statement for any purpose nor any evidence obtained as a result thereof.'" *Oursbourn*, 259 S.W.3d at 174-75 (quoting Tex. Code Crim. Proc. Ann. art. 38.22, § 6).

Walker argues the evidence raised an issue of voluntariness because he "appeared to be intoxicated to the point or level he was deemed a danger to himself[]" and "testified he did not remember what occurred or giving consent to law enforcement to search his person for illegal drugs." Evidence that a person "was 'high' on drugs at the time he gave his statement" may raise a question regarding whether the statement was voluntarily given. *Id*. at 176.

The State argues Walker failed to preserve his article 38.22 issue for appellate review because although Walker requested an article 38.23 instruction regarding

whether he voluntarily consented to the search, he never requested an article 38.22 instruction regarding whether his "statement" was voluntary, nor did he object on the basis the charge did not include such an instruction. *See* Tex. R. App. P. 33.1(a) (requiring preservation of issues by timely objection, request or motion and a ruling by the trial court); *Oursbourn*, 259 S.W.3d at 173 (distinguishing between "(1) a 'general' Article 38.22, § 6 voluntariness instruction; (2) a 'general' Article 38.22, § 7 warnings instruction (involving warnings given under § 2 and § 3); and (3) a 'specific' Article 38.23(a) exclusionary-rule instruction."). Although we agree Walker never raised the article 38.22 "general voluntariness" issue in the trial court, we are nevertheless required to analyze the issue on appeal. This is because we review a claim of charge error using a two-step process in which we first determine whether error in the charge exists, and if so, we then analyze whether the defendant was harmed by the error. *Campbell v. State*, 664 S.W.3d 240, 245 (Tex. Crim. App. 2022); *Ngo v. State*, 175 S.W.3d 738, 743–744 (Tex. Crim. App. 2005). Whether the defendant properly preserved charge error, either by requesting an instruction or objecting to the charge, affects only the second step of our analysis in which we consider whether any harm resulting from the error warrants reversal. *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005) ("the question of whether the defendant has preserved jury-charge error is relevant only if there is a determination that error actually occurred"); s*ee also Oursbourn*, 259 S.W.3d at 174.

"Article 36.14 provides in part that the trial court shall include in the jury charge 'the law applicable to the case.'" *Huizar v. State*, 12 S.W.3d 479, 483 (Tex. Crim. App. 2000) (citing Tex. Code Crim. Proc. Ann. art. 36.14). The question is whether a general voluntariness instruction under article 38.22, § 6 is "law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14. The statute applies "[i]n all cases where a question is raised as to the voluntariness of a statement of an accused[.]" Tex. Code Crim. Proc. Ann. art. 38.22, § 6. Walker asserts the statute applies in this case because there was evidence he was intoxicated during his interaction with Officer Knowles and testified at trial that he could not remember giving him consent to search his pockets. But Walker's arguments do not address whether his affirmative response to Knowles' request for consent to search qualifies as a "statement" covered by article 38.22. We conclude that it does not.

While article 38.22 does not define "statement," section 3 indicates it applies to statements "made as a result of custodial interrogation[,]" and section 5 states, "Nothing in this article precludes the admission of… a statement that does not stem from custodial interrogation[.]" *See id.* §§ 3, 5. Therefore, the Texas Court of Criminal Appeals has held that "in the context of Article 38.22, the question of 'voluntariness' applies only to statements made in response to custodial interrogation[.]" *Wolfe v. State*, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996).

An officer's request for consent to search is not an interrogation. *See Jones v. State*, 7 S.W.3d 172, 175 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *McGinty v. State*, 723 S.W.2d 719, 722 (Tex. Crim. App. 1986) (officer's request that a defendant submit to a blood-alcohol test is not an interrogation) (citing *South Dakota v. Neville*, 459 U.S. 553, 564 n.15 (1983) ("In the context of an arrest for driving while intoxicated, a police inquiry of whether the suspect will take a blood-alcohol test is not an interrogation within the meaning of *Miranda*.")); *Phommyvong v. State*, No. 07-17-00437-CR, 2018 Tex. App. LEXIS 10183, at *5 (Tex. App.—Amarillo Dec. 11, 2018, no pet.) (mem. op., not designated for publication) ("[The officer's] request for appellant's consent to search was not custodial interrogation and *Miranda* does not apply to appellant's statement made after [the officer's] request.").

Because Knowles's request for consent to search was not an interrogation, article 38.22 does not apply to Walker's affirmative response granting consent. *See Magee v. State*, No. 14-23-00396-CR, 2024 Tex. App. LEXIS 6482, at *33 (Tex. App.—Houston [14th Dist.] Aug. 29, 2024, pet. ref'd) (mem. op., not designated for publication) ("The procedural safeguards of article 38.22, including jury instructions on questions of fact, do not apply to this case because consent to search is not an interrogation within the meaning of *Miranda*."); *Williams v. State*, No. 2-05-355-CR, 2006 Tex. App. LEXIS 6362, at *3 (Tex. App.—Fort Worth July 20, 2006, no

11

pet.) (mem. op., not designated for publication) ("the requirements of article 38.22 do not apply to consents to search").

We conclude article 38.22 was not "the law applicable to the case." *See* Tex. Code Crim. Proc. Ann. art. 36.14. Therefore, the jury charge was not required to include an instruction regarding the "general voluntariness" of Walker's statement granting Knowles consent to search his pockets. We overrule Walker's sole issue on appeal, and we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on August 22, 2025
Opinion Delivered January 14, 2025
Publish

Before Johnson, Wright and Chambers, JJ.